**WONG DICK WING, by Wong Dick Sing, his brother and next friend, Plaintiff,**

**v.**

**John Foster DULLES, Secretary of State of the United States, Defendant.**

United States District Court
S. D. New York.
Jan. 3, 1956.

Max Rosenberg, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., for Southern Dist. of New York, New York City, for defendant. Foster Bam, New York City, of counsel.

CASHIN, District Judge.

This is an action by Wong Dick Wing, pursuant to Section 503 of the Nationali-

ty Act of 1940 (repealed December 24, 1952, now 8 U.S.C.A. § 1503) against John Foster Dulles, as Secretary of State of the United States, for a declaratory judgment of citizenship by virtue of Section 1993 of the Revised Statutes, 8 U.S.C.A. §§ 1431–1433.

Plaintiff claims that the American Consul General at Hong Kong refused to issue a passport to the plaintiff and refused to recognize him as a national and citizen of the United States.

On the trial of this action the defendant moved to dismiss the complaint on the ground that the Court lacked jurisdiction in that the complaint was filed prior to any decision by the Consul General at Hong Kong.

### Findings of Fact.

1. The plaintiff first informed the American Consul General at Hong Kong of his intention to apply for travel documents as an American citizen, in January 1951. On August 7, 1951 plaintiff formally applied, by a sworn affidavit, to the Consulate at Hong Kong.

2. This action was commenced on December 19, 1952. The plaintiff's passport application was denied on or about July 28, 1953. The Consular file contains no adequate explanation for the length of time it took for the Consul to rule on the plaintiff's application.

3. The plaintiff was born in China, the son of Wong Shoon Chock (deceased), whom the defendant concedes was a citizen of the United States.

### Conclusions of Law.

I. The Court has jurisdiction of this action, and the defendant's motion is denied.

II. The plaintiff is a citizen and national of the United States.

### Jurisdiction.

Defendant's contention that the Consul's delay in acting on plaintiff's passport application was occasioned by plaintiff's failure to produce his mother is not sufficiently sustained by the Consular file. From August 7, 1951 until July 16, 1952, an examination of the Consular file shows no action whatsoever on the part of the Consulate Office with respect to the plaintiff's application. It is the opinion of the Court that such non-action constituted, for all practical purposes, a refusal to recognize this plaintiff as a national. Chin Chuck Ming v. Dulles, 9 Cir., 1955, 225 F.2d 849.

### Merits.

The plaintiff's case consisted of his own testimony and that of his brother and his nephew. All this testimony was to the effect that the plaintiff was the son of Wong Shoon Chock, who the Government conceded was a citizen of the United States. The Government's case consisted entirely of the cross-examination of these witnesses for the purpose of destroying their credibility. Defendant's efforts in this regard were wholly unsuccessful.

Only if the Court were to adopt an altogether different measure of proof with respect to this case than is used in the ordinary civil case, could the defendant prevail. This Court has no intention of doing so. See Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 64 L.Ed. 1010; Lee Wing Hong v. Dulles, 7 Cir., 1954, 214 F.2d 753.